## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER THOMAS, #35333-044,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-00192-JPG** |
| | ) | |
| **FAISAL AHMED** | ) | |
| **and K. SCHNEIDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Thomas is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville).  He brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  (Doc. 1).  In the Complaint, Plaintiff claims he was denied medical care for a right knee injury for years at FCI-Greenville.  (*Id*. at 18-20).  He seeks money damages. (*Id*. at 21).

The Complaint is subject to review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Docs. 1, 1-1, and 1-2): Plaintiff suffered a right knee injury at FCI-Greenville sometime in 2016. For the next year, P.A. Schneider incorrectly diagnosed Plaintiff's injury as a sprain and undertook an ineffective course of treatment despite his complaints of ongoing pain and limited range of motion. When Plaintiff's injury was eventually diagnosed as a tear of the right lateral meniscus and degenerative change of the medial meniscus two years later, Dr. Ahmed told Plaintiff that nothing was wrong with his knee because he could walk. The doctor then refused to follow the treatment plan recommended by outside specialists. This delay in treatment exacerbated Plaintiff's knee injury and resulted in unnecessarily prolonged pain. (*Id*. at 18-20).

Based on the allegations, the Court finds it convenient to designate the following count in the *pro se* Complaint:

> **Count 1:**    Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his right knee injury at FCI-Greenville.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

*Bivens* provides an implied damages remedy for a limited set of constitutional deprivations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In *Ziglar v. Abbasi*, 137 U.S. 1843, 1859-60 (2017), the Supreme Court cited three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment unlawful search and seizure claims; (2) Fifth Amendment due process

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

claims involving gender discrimination; and (3) Eighth Amendment inadequate medical care claims. *Id*. at 1854-55 (citations omitted). Plaintiff's claim fits squarely into this last category. *See Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978).

Section 1983 claims and "those of the *Bivens*-type are conceptually identical and further the same policies, [so] courts have frequently looked to [§ 1983] and [its] decisional gloss for guidance" in construing the scope of the *Bivens* remedy. *Id*. An Eighth Amendment claim has an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A plaintiff must first describe an objectively, sufficiently serious medical need—"one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (internal citation omitted)). He must then describe deliberate indifference on the part of each defendant, which typically occurs when the defendant knows of and disregards "an excessive risk to inmate health or safety." *Gutierrez v. Peters*, 111 F.3d 1363, 1369 (7th Cir. 1997).

The allegations support a claim of deliberate indifference for a serious medical need against Dr. Ahmed and P.A. Schneider. Plaintiff names no other individual in connection with this claim. Therefore, Count 1 shall receive further review against both of these individuals.

**<u>Disposition</u>**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **DR. FAISAL AHMED** and **P.A. K. SCHNEIDER**. **<u>Because this claim involves medical issues, the Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act</u>**.

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **DR. FAISAL AHMED** and **P.A. K. SCHNEIDER**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **DR. FAISAL AHMED** and **P.A. K. SCHNEIDER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated herein**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/21/2021**

s/J. Phil Gilbert_____
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.